(No. 40773.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM ROBERTSON, Appellant.

*Opinion filed May 29, 1968.*

WARD, J., took no part.

Starke, Anglin, Savage, Frazin, Stewart & May, of Chicago, (Howard T. Savage and Ronald M. De-Haan, of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Robert B. Rosen, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

On June 28, 1966, a jury in the criminal court of Cook County returned a verdict which found the defendant, William Robertson, guilty of burglary. On July 7, 1966, the defendant's motion for a new trial was denied and he was sentenced to imprisonment in the penitentiary for not less than seven nor more than ten years.

On this appeal the defendant's principal contentions center about the fact that he was not present during most of his trial. He had been admitted to bail, and was in court when testimony was heard upon his motion to suppress certain evidence and when the jury was selected on June 23, 1966. The case was continued over the weekend to June 27. He was not present on June 27, 1966, and the case was continued to the following day. On June 28 the defendant again failed to appear, and the court heard the testimony of police officers as to their unsuccessful efforts to find him. The court then proceeded with the trial, heard the evidence, received the verdict of the jury, conducted a hearing in mitigation and aggravation, and imposed sentence, all in the absence of the defendant. Eight months later, the defendant was produced in open court by the sureties on his

bond and was surrendered by them in exoneration of bail.

Newly retained counsel appeared in the trial court on behalf of the defendant when he was surrendered on March 2, 1967, and succeeded in having the *mittimus* stayed. No steps with respect to an appeal were taken until the defendant's attorneys served notice that on April 11, 1967, they would move for leave to appeal out of time pursuant to Rule 606 of this court. (Ill. Rev. Stat. 1967, chap. 110A, par. 606.) That motion alleged: "Defendant's failure to file a notice of appeal within 30 days after the aforesaid sentence was occasioned by the fact that he was not present before the court at the time of the said sentencing, did not know that he had been sentenced to the penitentiary. Defendant's appeal, including other things, is based upon the error of the conduct of the entire trial against him after the selection of the jury without his presence, and the sentencing of him, and the hearing of all post-trial motions without his presence, and in addition thereto, that he was never identified by any witnesses at the trial as the person who committed the offense charged in the indictment." The entire record in the case was not before the court when the motion was made, and because of the unusual nature of the situation depicted in the motion, we allowed leave to appeal.

The record which is now before us shows that the defendant, although present at the commencement of the trial, thereafter absented himself and did not again appear in court until almost a year later when he was surrendered by the sureties on his bond. In opposition to the defendant's motion for *supersedeas* and bail while the case was pending upon appeal in this court it was represented by the prosecution that an agent of the sureties on the defendant's bond had stated that from the date of the initial forfeiture of that bond on July 7, 1966, until the defendant was surrendered, agents of the sureties had searched for the defendant but were unable to locate him until he was found hiding in a garbage can, and was then surrendered in open court.

Upon consideration of the record that is now before us, we are of the opinion that our order of April 17, 1967, granting the defendant leave to appeal out of time was improvidently entered. That record shows that the defendant voluntarily absented himself, and thereby waived the constitutional rights that he now attempts to assert. It contains no contrary indications. If the defendant sees fit, he may, in a proceeding under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, chap. 38, pars. 122—1 through 122—7), establish by sworn testimony that his absence was due to circumstances beyond his own control.

Because leave to appeal under Rule 606 was improvidently granted, the appeal is dismissed.

*Appeal dismissed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.