COMMONWEALTH *vs.* CHARLES FERRO, JR.

Suffolk.    November 3, 1976. — April 13, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Obscenity. Equal Protection of Laws,* Obscenity. *Practice, Criminal,* Mistrial. *Evidence,* Presumptions and burden of proof. *Jurisdiction,* Obscenity. *Words,* "Book," "Magazine."

The obscenity statutes, G. L. c. 272, §§ 28C-32, are not unconstitutionally vague in their proscription of dissemination of obscene matter, nor do they violate equal protection in their different procedural treatment of books and other matter [381-382]; nor do they violate equal protection in their distinction between classes of disseminators [382-383]; nor are they unconstitutionally vague in their failure to define books [383-384]. KAPLAN, J., and LIACOS, J., dissenting.

At a trial of complaints charging the defendant with possession of obscene magazines with intent to disseminate them in violation of G. L. c. 272, § 29, references by various witnesses to the allegedly obscene material as "magazines" did not constitute prejudicial error where the appropriate classification of the material as "books" or "magazines" was a question to be decided by the judge, not by the jury. [384]

COMPLAINT received and sworn to in the Municipal Court of the Brighton District on July 9, 1974.

On appeal to the Superior Court, motions to dismiss were heard by *Tamburello,* J., and the case was tried before him.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Louis A. Guidry* for the defendant.

*Kevin F. O'Donnell,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   The defendant was convicted in August, 1974, on a complaint charging possession of six obscene magazines with intent to disseminate them in violation of G. L. c. 272, § 29. He appealed for a trial de novo in the Superior Court and was tried by a jury who returned a verdict of guilty in April, 1975. The judge fined him and sentenced him to two and one-half years in a house of correction. The defendant then claimed an appeal to this court pursuant to G. L. c. 278, §§ 33A-33H.

In July, 1974, a Boston police sergeant, observing certain publications he considered obscene in the defendant's bookstore, arrested the defendant for violation of G. L. c. 272, § 29. It is clear that these publications had not been the subjects of in rem proceedings under G. L. c. 272, §§ 28C-28H, prior to the institution of the instant proceedings. Before trial in the Superior Court the defendant filed two motions to dismiss on the grounds that G. L. c. 272, §§ 28C-32, are unconstitutionally vague; that G. L. c. 272 §§ 28C-32, deprive the defendant of equal protection of the law; and that the condition precedent to § 29 proceedings set forth in G. L. c. 272, § 28I, had not been met. The judge denied both motions to dismiss and exceptions were taken to these denials. The judge later (and, we conclude, incorrectly) submitted to the jury the issues raised by the motions to dismiss.

At trial, the arresting officer testified that he had placed the defendant "under arrest a couple of occasions." The judge immediately instructed the jury to disregard this statement and denied a defense motion for a mistrial. In addition, the prosecution's witness repeatedly referred to the publications in evidence as "magazines." The de-

fendant objected to this opinion evidence.[1] The defendant also moved for a directed verdict on the grounds that the Commonwealth had failed to prove that he knowingly possessed obscene magazines and that the weight of the evidence did not support a finding of guilt. The judge denied this motion and a later defense motion (after verdict) for a judgment of not guilty. On this appeal, the defendant does not argue the directed verdict issue, and we treat it as waived.[2]

The defendant in his appeal attacks the constitutionality of the statutory scheme set forth in G. L. c. 272, §§ 28C-32. He also asserts that error in the admission of evidence before the jury necessitates reversal of his conviction. We find none of these arguments persuasive. However, we conclude that the defendant's further argument relating to the denial of his motions to dismiss for failure to fulfil the condition of G. L. c. 272, § 28I, requires that the case be remanded to the Superior Court for further proceedings.

1. The defendant maintains that the obscenity statutes, G. L. c. 272, §§ 28C-32, are unconstitutionally vague in their proscription of dissemination of obscene matter, and that they violate the equal protection provisions of the Massachusetts and United States Constitutions in their different procedural treatment of "books" and other matter. We have already examined these issues. We have held that the obscenity statutes give constitutionally adequate notice of proscribed conduct and that their distinction be-

---

[1] The defendant apparently also requested the judge to instruct the jury to disregard as hearsay a warning on the cover of one publication which referred to "this magazine." He does not argue effectively on appeal that refusal so to instruct was erroneous, but in fact we find that this refusal was harmless, see section 2, *infra,* even though the cover statement is immaterial, see note 3, *infra.*

[2] The defendant's "argument" as to the directed verdict concerns itself only with the issue of book versus magazine. The defendant's rights as to this issue are solely under the motion to dismiss, since the issue is not for the jury. In any event, our examination of the record shows that there was ample evidence before the jury as to all elements of the crime alleged.

tween books and other matter is constitutionally permissible. *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374 (1976). We add the following considerations. Keeping in mind that we have emphasized "periodicity" as a characteristic of magazines (*Commonwealth* v. *Zone Book, Inc.*, *ante*, 366, 370-371 [1977], decided today) a possible rational basis for the statutory distinction between books and magazines may be inferred. The Legislature may well have reasoned that when a publication comes out in issues or numbers over time, and especially if the intervals are uniform and the source revealed, a retailer may be expected to be on notice of its continuing quality. In some circumstances he may then fairly be charged with knowledge of the probable content of any particular issue on his shelves even if he has not read it. It is possible from this reasoning that the Legislature felt justified in establishing differences in treatment between "books" and other matter, especially magazines, in respect to requiring prior civil proceedings.

Further, the defendant asserts that the distinction made in G. L. c. 272, § 29, as appearing in St. 1974, c. 430, § 9, between a "bona fide school, museum or . . . [anyone] acting in the course of his employment as an employee of such organization or of a retail outlet affiliated with and serving the educational purpose of such organization" and other disseminators of obscene matter violates the equal protection provisions of the Massachusetts Constitution and the United States Constitution. Section 29 makes proof of such status an affirmative defense to § 29 prosecutions. This classification of disseminators does not affect the statutory definition of obscenity and thereby involve a potential infringement of First Amendment protected expression. Contrast *Jenkins* v. *Georgia*, 418 U.S. 153, 160 (1974). Nor does this classification affect the ability of a defendant to litigate the line drawn between obscenity and protected expression. Contrast *McKinney* v. *Alabama*, 424 U.S. 669, 673 (1976). Therefore, we need not conduct an independent review of this constitutional claim as we must when First Amendment values are implicated, *Miller*

v. *California,* 413 U.S. 15, 25 (1973), but instead we examine the statutory classification at issue to see whether it has any rational basis. *Commonwealth* v. *707 Main Corp.,* 371 Mass. 374, 380 (1976). See *Commonwealth* v. *Henry's Drywall Co.,* 366 Mass. 539, 541-542 (1974).

The Legislature exempted educational organizations and their affiliates from criminal sanctions for dissemination of obscene materials, leaving criminal sanctions available for punishment of commercial disseminators of obscene materials. This decision may reflect a policy of protecting educational resources from use in obscenity litigation rather than social service while still proceeding to eliminate public availability of obscene matter. The Legislature may proceed one step at a time, addressing first problems it perceives to be most pressing. *Mobil Oil Corp.* v. *Attorney Gen.,* 361 Mass. 401, 417 (1972). *Railway Express Agency, Inc.* v. *New York,* 336 U.S. 106, 110 (1949). Thus this classification, like the classification of materials into "books" and other matter, may have a rational basis and does not violate the equal protection provisions of the Massachusetts Constitution or the United States Constitution. See *Commonwealth* v. *707 Main Corp.,* 371 Mass. 374, 381-382 (1976).

In addition, the defendant contends that the statutory scheme is vague as applied to his case in so far as it fails to define "books" and therefore failed to inform him whether the matter he possessed constituted "books" or other matter. The appropriate classification of this matter, however, relates to the procedures statutorily provided for adjudication of its obscenity, not to the defendant's notice of potential liability for dissemination thereof. Such ambiguity does not render the statutory scheme unconstitutionally vague. See *Miller* v. *California,* 413 U.S. 15, 27-28 n.10 (1973). At most the statutory failure to define "books" left the defendant uninformed of his right to contest prosecutorial failure to follow G. L. c. 272, §§ 28C-28H, procedures in a motion to dismiss. See G. L. c. 272, § 28I. Given our clarification of the statutory definition of books, *Commonwealth* v. *Zone Book, Inc., supra* at

369-371, and our disposition of this case, such statutory ambiguity in no way prejudices this defendant.

2. The defendant claims that the various trial references to the "magazines" he possessed constituted prejudicial error which swayed the jury's decision on the proper classification of these publications and which requires reversal of his conviction. We find that these references, by a witness and by one of the publications at issue, even if erroneous, did not prejudice the defendant. As we explain below, the appropriate classification of materials as "books" or other matter for procedural purposes is a question to be decided by the judge, not by the jury. The jury decide only if the publication at issue is obscene, not if it is a book. See G. L. c. 272, §§ 28I, 29, 30, and discussion at 385, *infra.* Therefore, references to the publications herein involved as "magazines" were immaterial, but did no harm to the defendant because these references did not relate to the question of the publication's obscenity.

The defendant also argues that his motion for a mistrial should have been allowed because the statement at trial concerning his previous arrests was incurable. The defendant concedes that the judge gave a prompt and forceful instruction to the jury to disregard this statement. In these circumstances the instructions sufficiently protected the defendant so that a mistrial was unnecessary. See *Commonwealth* v. *Gibson,* 357 Mass. 45, 49 (1970). We conclude that the motion for a mistrial was properly denied.

3. Finally, we turn to the defendant's contention that his motions to dismiss should have been allowed because the publications he possessed were books and the requirements of G. L. c. 272, § 28I, concerning prosecutions for dissemination of books had not been met. In *Commonwealth* v. *Zone Book, Inc., ante,* 366 (1977), we held that "books," for the purposes of G. L. c. 272, §§ 28C-31, are substantial printed publications, complete in themselves and having no continuity with other publications of a similar format and content issued at periodic intervals.

*Id.* at 371. We further held that G. L. c. 272, § 28I, permits a defendant in a § 29 or § 30 proceeding successfully to move for dismissal of the proceeding by proving that the allegedly obscene publication disseminated fits the above definition of "book" and that the prosecutor had not proceeded in rem against the book, pursuant to G. L. c. 272, §§ 28C-28H. *Id.* The judge considering such a motion to dismiss may examine the publication at issue for direct evidence of periodicity and may hear testimony on its appropriate classification. *Id.*

The judge in this case erroneously believed that the proper classification of an allegedly obscene publication is a question of fact for the jury and therefore denied the defendant's motions to dismiss, sending this issue to the jury. However, G. L. c. 272, § 28I, declares that proceedings pursuant to §§ 28C, 28D, 28E, 28G, and 28H are "a *condition precedent to the institution* of any proceedings pursuant to section twenty-nine or thirty" (emphasis added). G. L. c. 272, § 28I, inserted by St. 1974, c. 430, § 8. Thus, compliance with § 28 procedures is a question to be decided by a judge before reaching the merits of a § 29 or § 30 proceeding.[3] Necessarily, the appropriate classification of the publication disseminated must be decided by the judge as part of this initial determination. The judge, then, did not accord the defendant's motions to dismiss proper consideration, since there was no hearing on the appropriate classification of the defendant's publications.

In any case where the judge's decision as to the motion to dismiss is, as it should be, made before trial, his decision would be appealable by the Commonwealth under G. L.

---

[3] General Laws c. 277, § 47A, inserted by St. 1965, c. 617, § 1, is supportive of this conclusion, since it provides in pertinent part: "Defenses and objections based on defects in the institution of the prosecution or in the indictment or complaint, other than a failure to show jurisdiction in the court or to charge an offense, may be raised only by motion before trial.... Failure to present any such defense or objection shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver.... A motion before trial raising such defenses or objections shall be determined before trial, unless the court orders that it be deferred for determination at the trial of the general issue."

Commonwealth *v.* Ferro.

c. 278, § 28E, if the motion is allowed, and it would be appealable by the defendant after trial of the case if the motion is denied. Of course, the denial of the motion could be reported by the trial judge.

At the hearing on the motions to dismiss, the judge could receive evidence which, at a minimum, should include a copy of the alleged obscene "matter," and might also include testimony such as was presented in the *Zone Book* case. The judge's decision is one of fact as presented by the evidence, and it might end up (as in *Zone Book*) as a pure question of law, particularly if the only evidence before him is the alleged obscene "matter." The issue before him on such a motion to dismiss would be limited to the question whether the alleged obscene "matter" is a book, but not whether it is obscene. If the judge decides on the motion to dismiss that the alleged obscene "matter" is not a book, that issue should not be relitigated as part of the trial on the merits.

We think it is clear that the burden of proof rests on the defendant to show, in support of his motions to dismiss, that the publication is a book. See G. L. c. 277, § 47A. On production of such proof, the burden would be on the Commonwealth to show compliance with the required in rem procedures. See G. L. c. 272, § 28I.

The defendant, in the instant case, who moved to dismiss the proceeding and therefore had the burden of proving noncompliance with § 28I, had no opportunity to present supportive evidence for the judge to consider in passing on his motions to dismiss. Nor did the prosecution have the opportunity to present evidence of periodicity or other relevant considerations. Therefore, we remand this case to the Superior Court for a hearing on the defendant's motions to dismiss for failure to comply with G. L. c. 272, § 28I.

*So ordered.*

KAPLAN, J. (dissenting). Believing the statute to be fundamentally unconstitutional, I dissent and would dis-

miss the complaint. See my dissenting opinion in *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 386 (1976), and the references therein.

LIACOS, J. (dissenting). For the reasons stated in my concurring opinion in *Commonwealth* v. *Zone Book, Inc., ante,* 366, 373 (1977), it is my position that any discrimination between books and other printed matter in terms of the degree of procedural protection, available by way of a mandatory in rem proceeding, is constitutionally impermissible. Accordingly, I would reverse the conviction outright and order the complaint dismissed due to the prosecution's failure to comply with the requirements of G. L. c. 272, § 28I.