(Nos. 67480, 67481, 67482, 67483 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CAPITOL NEWS, INC., Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CENTRAL VIDEO MIDWEST, Appellee.— THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GENTLEMEN'S ADULT BOOKSTORE, INC., Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PHILLIP D. MORGAN, Appellee.

*Opinion filed May 23, 1990.—Modified on denial of rehearing October 1, 1990.*

164

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen, Nathan P. Maddox and Douglas K. Smith, Assistant Attorneys General, of counsel), for the People.

Glenn A. Stanko, of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellees.

JUSTICE WARD delivered the opinion of the court:

Capitol News, Inc., upon being charged by indictment in the circuit court of McLean County with the sale or delivery of materials in violation of the Illinois obscenity statute (Ill. Rev. Stat. 1987, ch. 38, par. 11—20), filed a motion to dismiss, challenging the constitutionality of the statute. The circuit court held that the affirmative defense established by section 11—20(f)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 11—20(f)(2)) was unconstitutionally vague. Based on its finding that the affirmative defense was not severable from

the remainder of the statute, it held that the obscenity statute was unconstitutional and dismissed the indictment. This direct appeal by the State is before us pursuant to Supreme Court Rule 603 (107 Ill. 2d R. 603).

The affirmative defense provides: "It shall be an affirmative defense to obscenity that the dissemination *** [w]as to institutions or individuals having scientific or other special justification for possession of such material." (Ill. Rev. Stat. 1987, ch. 38, par. 11—20(f)(2).) The trial court ruled that the language "scientific or other special justification" was unconstitutionally vague.

At the time Capitol News was indicted, similar indictments were returned against General Video Midwest (People v. General Video Midwest, No. 67481), against Gentlemen's Adult Bookstore, Inc. (People v. Gentlemen's Adult Bookstore, Inc., No. 67482), and against Phillip D. Morgan (People v. Morgan, No. 67483). Similar motions to dismiss were filed by the defendants and similar dispositive orders were entered in each. Appeals were filed and were consolidated by this court.

The first question raised involves the defendants' attack on the jurisdiction of this court over the appeals. Here, the notice of appeal was not filed within the 30-day period required by Supreme Court Rule 606(b) (107 Ill. 2d R. 606(b)). Under these circumstances, any review must be sought pursuant to the provisions of Rule 606(c) (107 Ill. 2d R. 606(c)). That section provides that after 30 days, review may be sought by filing a motion for leave to appeal in the reviewing court. If this motion is filed within the next 30 days, it, to be allowed, must be supported by a showing of "reasonable excuse" for the late filing. The rule also permits such a motion to be filed within six months of the expiration of the appeal period supported by an affidavit showing that there is merit to the appeal and that the failure to timely file was not due to the appellant's culpable negligence. Under either of

these circumstances, the court may grant leave to appeal. 107 Ill. 2d R. 606(c).

Here, the State sought leave to appeal on the sixtieth day after the entry of the written order of dismissal. The motion and an accompanying affidavit stated that the notice of appeal was not filed within the 30-day period "due to clerical error," and that, within the 30-day period, the assistant State's Attorney in charge of the case directed that a notice of appeal be filed. He did not become aware that it had not been filed until 59 days after the order had been entered. The motion for leave to appeal was filed the next day.

The State's motion for leave to appeal was granted by the full court over objections by the defendants that the State had failed to provide a "reasonable excuse" for the late filing and that the "clerical error" excuse is factually insufficient. The defendants now argue that although this court granted the State's motion for leave to appeal, it is appropriate to reconsider the matter based on a full consideration of the record and the briefs and argument of counsel. The defendants base this position on *People v. Robertson* (1968), 39 Ill. 2d 621. In *Robertson*, this court had granted the defendant's motion for leave to appeal because at the time the motion was granted, it appeared that the defendant had a "reasonable excuse" for the delay in filing. The defendant had asserted in the motion for leave to appeal that he was not present at the time of the sentencing and did not know that he had been sentenced to the penitentiary. After a full consideration of the record, and the briefs and argument of counsel, it was discovered that the defendant had voluntarily absented himself from the trial, and had thereby waived the right on which he had predicated his petition. Accordingly, this court ruled that leave to appeal had been improvidently granted. *Robertson*, 39 Ill. 2d at 624.

The defendants argue that the State's motion here was similarly improvidently granted because the preparation and filing of a timely notice of appeal was not merely a clerical task and because the State failed to provide factual support for its contention of excusable clerical error. Unlike *Robertson*, however, where the plenary consideration of the case revealed facts not known to the court when the petition for leave to appeal was considered, the defendants here are merely requesting the court to reconsider the arguments it had rejected when it granted leave to appeal. The request must be denied. The petition for leave to appeal was timely filed, and it was granted by the full court in the exercise of the discretion it possesses under Rule 606(c). No facts that were unknown when that determination was made have been brought to our attention. This court has jurisdiction to consider the merits of the appeal.

The State contends that the defendants had no standing to challenge the constitutionality of the affirmative defense provision on grounds of vagueness, and that even if a proper challenge had been made, section 11—20(f)(2) is constitutional. The State says that standing under these circumstances is a matter of subject matter jurisdiction and may be considered by the court even where neither party raised the question. (*City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 112; *Pre-School Owners Association of Illinois, Inc. v. Department of Children & Family Services* (1988), 119 Ill. 2d 268, 287.) The Supreme Court's citation in *County Court v. Allen* (1979), 442 U.S. 140, 154-55, 60 L. Ed. 2d 777, 790, 99 S. Ct. 2213, 2223, of *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 610, 37 L. Ed. 2d 830, 838, 93 S. Ct. 2908, 2914, is pertinent:

"A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no consti-

tutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (and cases cited)."

This court in *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 259, put it:

"It has been stated many times that this court 'will not determine the constitutionality of the provisions of an act which do not affect the parties to the cause under consideration, or where the party urging the invalidity of such provisions is not in any way aggrieved by their operation.' *Schreiber v. County Board of School Trustees of Peoria County*, 31 Ill. 2d 121, 125, and cases there cited."

*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 569, considered a trial court's holding of unconstitutionality of a statute, which the plaintiff, to whom the statute was not applicable, claimed to be invalid. This court, citing *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, held that the trial court erred in declaring the sections unconstitutional, observing:

"Neither section is applicable to the plaintiff, who alleges only that he was a party to a divorce action pending in the circuit court of Cook County. This court has often propounded that '[i]t is axiomatic that one may not complain of a statutory provision which does not affect him' (*Spalding v. City of Granite City* (1953), 415 Ill. 274, 283), and that a court may not 'determine the constitutionality of the provisions of an act which do not affect the parties to the cause for consideration.' " *Kujawinski*, 71 Ill. 2d at 569-70.

Section 11—20(f)(2) provides an affirmative defense when obscene materials have been disseminated "to institutions or individuals having scientific or other special justification for possession of such material." (Ill. Rev. Stat. 1987, ch. 38, par. 11—20(f)(2).) The record here

shows that the persons to whom the obscene materials were sold or delivered were undercover police officers. Nowhere in the record is there any claim that the defendants asserted or intended to assert the affirmative defense or that they fell within the scope of this exempting section. The fact that the defendants will gain nothing if their attack on the exemption is upheld establishes they have no standing to challenge the constitutionality of the affirmative defense. Whether they win or lose on the issue will have no impact on them at all. There is no adverseness of parties when the party attacking a statute does not stand to gain if the attack is sustained. Our constitution limits the jurisdiction of the circuit courts to "justiciable matters" (Ill. Const. 1970, art. VI, §9), and absent a justiciable controversy, courts lack subject matter jurisdiction. An absence of subject matter jurisdiction cannot be waived by the parties, and may be raised by this court *sua sponte*. (*Eastern v. Canty* (1979), 75 Ill. 2d 566; see also R. Michael, Civil Procedures Before Trial §2.1 (1989).) Because the defendants lack standing to address the question of the constitutionality of the affirmative defense, the circuit court erred in considering the constitutional question and in subsequently dismissing the indictments. Its judgment of unconstitutionality will be reversed.

Were we to conclude our consideration of this appeal by simply reversing the judgment on the ground of lack of standing, it would leave the question of constitutionality unaddressed. Too, the trial court erroneously held the indictments not to be duplicitous. The parties have briefed these questions and we shall consider them. We judge that the trial court erred in holding the statute unconstitutional. As we have stated above, the affirmative defense section of the obscenity statute provides:

"It shall be an affirmative defense to obscenity that the dissemination:

\*\*\*

(2) Was to institutions or individuals having scientific or other special justification for possession of such material." Ill. Rev. Stat. 1987, ch. 38, par. 11—20(f)(2).

The provision "having scientific or other special justification" was held by the trial court to be unconstitutionally vague. Its order read in part:

"Though the affirmative defenses may not be violative of the equal protection and due process clauses under the United States Constitution and Illinois Constitution, there is the real question whether the use of the term 'scientific or other special justification' is unconstitutionally vague. No Illinois cases are specifically on point. The court finds that the use of the phrase 'scientific or other special justification' makes the affirmative defenses unconstitutionally vague. See, *People v. Howell* (1977), 90 Misc. Id. 722; 395 N.Y.S. 2d 933."

(As we shall point out, the New York Court of Appeals in *People v. Illardo* (1979), 48 N.Y.2d 408, 399 N.E.2d 59, 423 N.Y.S.2d 470, decided the question contrary to *Howell*, which was a trial court decision in the city court of Buffalo in 1977.)

To avoid a complaint of vagueness and to satisfy due process, a statute must give a person of ordinary intelligence reasonable opportunity to know what conduct is lawful under it and what is prohibited and must provide standards to guide persons who administer the law so that there will not be arbitrary and discriminatory enforcement of the statute. An impossible standard of preciseness of language and expression cannot be required; it is enough that the law's language and meaning are sufficiently definite when measured by common understanding and practices. *People v. Illardo* (1979), 48 N.Y.2d 408, 399 N.E.2d 59, 423 N.Y.S.2d 470.

The language of section 11—20(f)(2) is based on the idea and language of exemption in the Model Penal Code

(Model Penal Code par. 251.4(3)(a) (1980)) and in exemption provisions of a number of State obscenity statutes. The sixth tentative draft of the Model Penal Code provided exemption for dissemination of obscenity "to institutions or individuals having scientific or other special justification for possession of such material." The affirmative defense in the final draft of the Code reads: "To institutions or persons having scientific, educational, governmental or other similar justification for possessing obscene material." There have been challenges to the constitutionality of the affirmative defense in the final draft of the Code and in statutory affirmative defenses with similar language. The decisions have been mixed. An exemption provision with language very similar to that in the Code's final draft was considered in *People v. Illardo* (1979), 48 N.Y.2d 408, 399 N.E.2d 59, 423 N.Y.S.2d 470. The court held that the constitutional requirements for providing notice of conduct that was proscribed and for avoiding arbitrary enforcement were satisfied by the language of the affirmative defense. Regarding arbitrary enforcement the court observed:

> "[W]here the statute deals not with a proscription itself but, instead, with affirmative defenses, statutory provisions which become relevant only after an arrest is made and charges are filed, any uncertainty in its terms is far less likely to be an inducement to irresponsible law enforcement." *Illardo*, 48 N.Y.2d at 414, 399 N.E.2d at 62, 423 N.Y.S.2d at 472-73.

The court, considering the "or other similar justification" language in the affirmative defense, stated that the language simply represented use of a common drafting technique designed to avoid the necessity of spelling out every pertinent contingency where the statute might be applicable. The court noted that this technique involved the use of *ejusdem generis*, under which doctrine the effect of the language "or other similar justification"

was to limit other justifications to the kinds of justifications, *e.g.*, scientific, which preceded the phrase. (*People v. Illardo* (1979), 48 N.Y.2d 408, 399 N.E.2d 59, 423 N.Y.S.2d 470.) As stated, the language used in our statute, "scientific or other special justification," is taken from the sixth tentative draft of the Model Penal Code. It is clear "or other special justification" refers to a kind of justification similar to a justification that is scientific. The reference is to justification or freedom from blame. Justification for possessing obscene material plainly refers to a possession that is recognized as one not inconsistent with the proscriptive purpose of the obscenity statute.

There is no real difference between the final version of the affirmative defense of the Model Penal Code, the New York statute and our statutory affirmative defense. It has been recognized that there may be a legitimate need for the study of obscene material and the insertion in the affirmative defense of phrases like "or other similar justification for possession of obscene material" and "or other special justification for possessing such material" is a practical and reasonable means of avoiding the nearly impossible, if not impossible, effort to list in the statute all possible circumstances when public policy would favor exemption from prosecution.

We hold that the exempting language of the statute is not unconstitutionally vague. Decisions other than *Illardo* that have approved the exempting language of the final draft of the Code or comparable language include: *Commonwealth v. Ferro* (1977), 372 Mass. 379, 361 N.E.2d 1234; *State v. Davis* (Tenn. 1983), 654 S.W.2d 688; *400 E. Baltimore Street, Inc. v. State* (1981), 49 Md. App. 147, 431 A.2d 682.

As we have stated, the trial court, contrary to the defendants' argument, held the indictments involved were not duplicitous. The indictments charged that the

defendants "sold or delivered *** an obscene magazine." The defendants argued that the indictments here charged acts which were disparate and alternative acts, either one of which would constitute an offense. Thus, the defendants say each count of the indictments charged two crimes, making the count void. This court in *People v. Heard* (1970), 47 Ill. 2d 501, considered questions involved in charging a defendant in the disjunctive:

"The complaint, following the language of the [offense of gambling] statute, charged the defendants in the disjunctive, that is, it charged that the defendants set up a policy game or promoted a policy game or sold tickets and so on. While a charge which follows the language of the statute defining the crime and uses the disjunctive 'or' will be sufficient under some circumstances, it will not be sufficient where the statute names disparate and alternative acts, any one of which will constitute the offense. *** The statute here named specific acts which constitute the crime of gambling, some of which acts are clearly disparate and alternative. The promoting of a policy game is not the same act as transferring a policy ticket, for example. The use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing.

The result was that the complaint was void because it did not set forth the nature and elements of the charge with the certainty required by the Federal constitution (U.S. Const., art. VI), our constitution (Illinois Const., art. II, sec. 9) and section 111—3 of our Code of Criminal Procedure. Ill. Rev. Stat. 1967, ch. 38, par. 111—3." *People v. Heard*, 47 Ill. 2d at 504-05.

The statute involved provides that it is a crime if a person intentionally or recklessly "[s]ells, delivers or provides or offers or agrees to sell, deliver or provide any obscene writing." (Ill. Rev. Stat. 1987, ch. 38, par. 11—20(a)(1).) Thus it describes disparate and alternative acts, the performance of any one of which constitutes the of-

fense. Acts of sale and of delivery are alternate and disparate acts. It is not necessary that a delivery be a sale; material can be delivered without having been sold. A sale may not involve delivery of what is sold. The proof of one may not be proof of the other. We consider the indictments involved were void for duplicity.

For the reasons given, the judgments of the circuit court of McLean County are reversed and the causes are remanded to that court.

*Judgments reversed;*
*causes remanded.*