THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY L. ROBINSON, Defendant-Appellant.

Third District   No. 3—92—0288

Opinion filed May 25, 1993.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Anthony L. Robinson, was convicted of unlawful possession of cannabis (720 ILCS 550/4(e) (West 1992)) and conspiracy to commit unlawful manufacture of cannabis (720 ILCS 5/8—2(a) (West 1992)). He was sentenced to a four-year term of imprisonment for the unlawful possession conviction and a concurrent three-year term for the conspiracy conviction. The defendant appeals. We affirm.

On appeal the defendant raises two related arguments. He first argues that his conspiracy conviction should be reversed because he was charged with conspiracy to deliver a substance containing cannabis under the general conspiracy statute (720 ILCS 5/8—2 (West 1992)) rather than under the conspiracy provision of the Cannabis Control Act (720 ILCS 550/9 (West 1992)). The defendant contends that because more than two conspirators are involved in the instant case, the conspiracy provision of the Cannabis Control Act preempted prosecution under the general conspiracy statute. See People v. Urban (1990), 196 Ill. App. 3d 310, 553 N.E.2d 740.

The defendant alternatively argues that the conspiracy charge was void for duplicity since it charged the defendant with conspiracy under both the conspiracy provision of the Cannabis Control Act and the general conspiracy statute. See People v. Capitol News, Inc. (1990), 137 Ill. 2d 162, 560 N.E.2d 303.

We initially note that the defendant's arguments are waived because he failed to raise these arguments prior to trial, during the trial, or in his post-trial motion. (People v. Enoch (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Additionally, even if these issues were not waived, we would still uphold the defendant's conviction.

The defendant correctly notes that where more than two conspirators are involved, the more specific conspiracy provision of the Cannabis Control Act preempts prosecution under the general conspiracy

statute. (See *People v. Urban* (1990), 196 Ill. App. 3d 310, 553 N.E.2d 740.) However, such preemption occurs only to the extent that the more specific statute applies. (*People v. Caballero* (1992), 237 Ill. App. 3d 797, 604 N.E.2d 1028.) Where the more specific statute is silent, such a conspiracy may be prosecuted under the general conspiracy statute. *People v. Caballero* (1992), 237 Ill. App. 3d 797, 604 N.E.2d 1028.

By its own terms, the Cannabis Control Act prohibits conspiracies to manufacture cannabis only where all of the following factors are present: (1) the transaction involves more than 20 Cannabis sativa plants; (2) the defendant conspires with two or more other persons; and (3) the defendant either obtains something of more than $500 in value from the conspiracy, or he organizes, directs, or finances it. (720 ILCS 550/9(b) (West 1992).) Here, although the conspiracy involved two or more other persons, there was no evidence that the defendant obtained something of more than $500 in value from the conspiracy, or that he organized, directed, or financed it. Thus, he could not have been convicted under the Cannabis Control Act. Since the conspiracy provision of the Cannabis Control Act did not apply to the defendant, it was proper to prosecute him under the general conspiracy statute. *People v. Caryl* (1977), 54 Ill. App. 3d 537, 369 N.E.2d 926.

Finally, we find no merit to the defendant's contention that the conspiracy charge was void for duplicity. Our review of the record discloses that the plain language of the charges apprised the defendant that he was being charged under the general conspiracy statute. The defendant's arguments to the contrary are premised entirely upon the belief that a defendant may *never* be charged under the general conspiracy statute where multiple coconspirators are involved. However, for the reasons set forth in our discussion of the defendant's first issue, it should be clear that this belief was erroneous.

For the reasons indicated, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.