## John R. Abbott, Appellant, v. County of Adams of State of Illinois et al., Appellees.

1. COUNTIES, § 59*—*when employment of county attorney ultra vires.* A contract between a board of county supervisors for the employment of a county attorney to perform stated services was *ultra vires* such board, under Const. 1870, art. VI, sec. 22, providing for the election of State's Attorneys, and Rev. St. ch. 14, sec. 5 (J. & A. ¶ 616), defining the duties of State's Attorneys, and making it the duty of the State's Attorney to do every act and thing required to be performed under the contract in question.

2. COUNTIES, § 25*—*right to employ county attorney.* There is no provision of the statute that authorizes a county to employ at public expense an attorney to perform the duties of State's Attorney, and county boards are limited in their power to such as is expressly granted to them by the legislature, or such as is necessarily inferred or implied from the powers so expressly granted.

3. COUNTIES, § 32*—*who are constitutional officers.* The only county officers created by the constitution are county judge, sheriff, treasurer, coroner and clerk of the Circuit Court, and neither by the constitution nor the law is there such an office as county attorney created, nor is there any authority vested in the county board from any source either expressly or by implication to create such an office.

Appeal from the Circuit Court of Adams county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed April 29, 1919. Rehearing denied July 9, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ROY D. JOHNSON, for appellant.

J. LEROY ADAIR, S. A. HUBBARD and C. H. WOOD, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

In June, 1917, the Board of Supervisors of Adams County adopted as one of its rules governing the transaction of business one known as rule 18, which is as follows:

"Rule 18, Section 1. At the September meeting of the Board in each year, and of the first day thereof, there shall be employed, upon recommendation of the Finance Committee, a County Attorney for the ensuing year, at a salary then to be agreed upon.

"Sec. 2. It shall be the duty of the County Attorney to advise all county officials, Supervisors individually as to their official duties, and the County Board and the various committees thereof, prepare or approve before execution all contracts, and bonds to secure the same entered into with the county, attend to all litigation in which the county is directly interested in the county, to see that such proceedings are taken as necessary to prevent the giving of county aid to those who are not paupers, or who have relatives liable, and able to support them, to prepare, or at least approve changes in old forms, or draft of new forms to be printed for official use, as blanks or records of the county, to direct all proceedings required for collection of the state inheritance tax and the county revenue, and attend to such other legal business as shall be provided by the contract for his services, which shall be in writing, and shall include the duties specifically here pointed out.

"Sec. 3. Any committee of the Board shall have the right, without an order from the Board, to call upon the County Attorney for his opinion upon any question of law upon which the committee is in doubt,

concerning any business before them, and in all such cases the committee shall report the opinion of the County Attorney with their report to the County Board.''

At the September meeting, 1917, of the board of supervisors of that county upon the recommendation of the finance committee of that board, a contract in the name of the said county as party of the first part and one John T. Ingram an attorney at law of said county as party of the second part was entered into, whereby for a salary of $1,500 per year and $300 per year for services of a stenographer the county undertook to ''employ, engage and retain'' the said Ingram for the year ending September 1, 1918, which contract is in part as follows:

''To attend to all legal matters of and concerning said county to prosecute all litigation instituted by said county, to defend said county in all suits and matters now pending and which may hereafter be instituted against the said county, to represent the said county in all suits, proceedings and litigation which may become necessary to prosecute or defend to enforce the collection of all taxes charged on the state assessment, including among other matters, the foreclosure suits for forfeited taxes now pending, as well as suits to be instituted for foreclosure for forfeited taxes, to render all legal services requisite and necessary in and about the assessment and collection of the taxes required to be collected by the county and to render to the Board of Supervisors of said county and the several committees and sub-committees thereof and to the county officers and appointees of said county such legal advice and counsel from time to time as may be requisite or necessary in and about the business and matters of the said county and to perform all and singular the duties and services specifically pointed out and designated in Rule 18, Section 2 of the Rules of the Board of Supervisors of said county; Provided, however, that this contract shall not impose upon said attorney the performance of any

duties which of necessity under the law, may not be performed by any other than the State's Attorney of said county; but as to such duties said attorney shall hold himself in readiness at all times to assist and shall assist, the said State's Attorney as a special counsel.

"And the said John T. Ingram hereby accepts the attorneyship of the said county for the period aforesaid and agrees to render the legal services aforesaid to the best of his skill and ability.''

On October 9, 1917, appellant filed his bill in chancery in which by apt averments the foregoing facts are set forth. It is also averred that there is in the county of Adams a regularly elected and qualified and acting State's Attorney, who is and has at all times been ready, able and willing to perform all of the services which the said Ingram was employed to perform by the terms of the contract in question, and that the contract referred to is illegal and void, and prays that the county and its officers be enjoined from carrying it out and from paying out the money of the county to the said Ingram, pursuant to the terms of such contract. A general demurrer was interposed to the bill and was heard and sustained. Appellant elected to abide by his bill and the same was dismissed for want of equity.

The appeal presents for determination by this court the one question, whether the contract in question is a valid and enforceable contract or not.

Section 22 of article VI of the Constitution of 1870 of this State provides for the election of a State's Attorney in each county in the State in 1872 and every 4 years thereafter.

Section 5 of chapter 14, Rev. St. (J. & A. ¶ 616) defines the duties of State's Attorney as follows:

"First—To commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any court of record in his county, in which the People of the State or county may be concerned.

"Second—To prosecute all forfeited bonds and recognizances, and all actions and proceedings for the recovery of debts, revenues, moneys, fines, penalties and forfeitures accruing to the State or his county, or to any school district or road district in his county; also, to prosecute all suits in his county against railroad or transportation companies, which may be prosecuted in the name of the People of the State of Illinois.

"Third—To commence and prosecute all actions and proceedings brought by any county officer in his official capacity.

"Fourth—To defend all actions and proceedings brought against his county, or against any county or State officer, in his official capacity, within his county.

"Fifth—To attend the examination of all persons brought before any judge on *habeas corpus,* when the prosecution is in his county.

"Sixth—To attend before justice of the peace and prosecute charges of felony or misdemeanor, for which the offender is required to be recognized to appear before a court of record, when in his power so to do.

"Seventh—To give his opinion, without fee or reward, to any county officer and to justices of the peace, in his county, upon any question of law relating to any criminal or other matter, in which the People or the county may be concerned.

"Eighth—To assist the Attorney General whenever it may be necessary, and in cases of appeal or writ of error from his county to the Supreme Court, to which it is the duty of the Attorney General to attend, he shall, a reasonable time before the trial of such appeal or writ of error, furnish the Attorney General with a brief, showing the nature of the case and the questions involved.

"Ninth—To pay all moneys received by him in trust, without delay, to the officer who by law is entitled to the custody thereof.

"Tenth—To perform such other and further duties as may, from time to time, be enjoined on him by law.

"Eleventh—To appear in all proceedings by collectors of taxes against delinquent tax payers for judgments to sell real estate, and see that all necessary preliminary steps have been legally taken to make the judgment legal and binding."

A comparison of that section with the part of the contract in question quoted above discloses the fact that it is the duty of the State's Attorney to do every act and thing which is required to be performed by Ingram, under the contract in question. For such services liberal compensation is provided for the State's Attorney out of public funds, which is paid annually regardless of what services he actually renders. When an office is created either by the constitution or the laws of the State and the duties to be performed and the compensation to be received by the incumbent of that office for the performance of those duties are fixed by law, and the office has been duly filled and the incumbent is ready, willing and competent to perform the duties of that office, there exists in no man or set of men outside of the legislature itself the right or authority to expend, or authorize the expenditure of, other public funds for the performance of those same duties. It is the application of that rule that underlies the holdings of the Supreme Court in *Fergus v. Russel,* 270 Ill. 304. To a great degree the same is true in *Stevens v. Henry County,* 218 Ill. 468. What is said in *Howard v. Burke,* 248 Ill. 224, is not in conflict with the views here expressed. The question there litigated was whether the record showed an employment at all, and the court held that inasmuch as the attorneys had appeared for the defendant it would be presumed, in the absence of proof to the contrary, that they had been properly employed. What is said in *Gillett v. Board of Sup'rs Logan Co.,* 67 Ill. 256; *Franklin County v. Layman,* 145 Ill. 138; *Ottawa Gas Light & Coke Co. v. People,* 138 Ill. 336; *Barnard v. Sangamon*

*County*, 190 Ill. 116, in apparent conflict with the views here expressed we understand to be overruled by *Stevens v. Henry County, supra,* and *Fergus v. Russel, supra.* The legislature has already provided that under certain circumstances an Assistant State's Attorney may be appointed and paid out of the county treasury, but when that is done such assistant is to be named by the State's Attorney. Chapter 53, Rev. St. (J. & A. ¶ 5675). *People v. Toledo, St. L. & W. R. Co.,* 267 Ill. 112; *People v. Cook County,* 274 Ill. 158. It is also provided by chapter 14, Rev. St. (J. & A. ¶ 617), that in case of the sickness and certain other disabilities of the State's Attorney, some competent attorney may be appointed to perform his duties, but that appointment is to be made by the court after it has been judicially determined that cause exists for so doing. *Lavin v. Board of Com'rs Cook Co.,* 245 Ill. 496. Private counsel cannot appear for the People unless appointed by the court. *Gilbert v. People,* 121 Ill. App. 423. It is also true that private parties may in the discretion of the court be permitted to employ counsel to assist the State's Attorney, provided they pay the fees of counsel so employed. There is no provision of the statute as above stated that authorizes the county to employ at public expense an attorney to perform the duties of State's Attorney, and county boards are limited in their power to such as is expressly granted to them by the legislature, or such as is necessarily inferred or implied from the powers so expressly granted. *Stevens v. Henry County,* 218 Ill. 468; *Marsh v. People,* 226 Ill. 464. The contract under consideration was in no sense an attempt on the part of the county to come within any of the provisions above referred to, whereby assistance was to be furnished to the State's Attorney, or to secure the performance of his duties in case of some disability, but was clearly

an attempt to create a new office to be known as county attorney, fix the term of such office and provide what the duties and emoluments of the incumbent of that office should be, and to fill that office and fix the salary of the incumbent by contract and to provide for the payment of such salary out of the public funds in the county treasury. The constitution defines an "office" to be "a public position, created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with successors to be elected or appointed," while an "employment" is there defined to be "an agency for a temporary purpose, which ceases when that purpose is accomplished." Section 24, art. V, Const. 1870. The only county offices created by the constitution are county judge, sheriff, treasurer, coroner and clerk of the Circuit Court. Neither by the constitution nor the law is there such an office as county attorney created. Neither is there any authority vested in the county board from any source either expressly or by implication to create such an office. Rule 18 of the Board of Supervisors of Adams County above quoted is nugatory, and the contract above referred to is *ultra vires* the county board and void, and is an attempt to misappropriate public funds to the extent of the annual salary and expenses which by the same it was proposed to pay to Ingram as county attorney. The bill states a good cause of action and the demurrer should not have been sustained. The decree of the Circuit Court is reversed and the cause is remanded to that court with directions to overrule the demurrer to the bill.

*Reversed and remanded with directions.*