SECURITY SAVINGS & LOAN ASSOCIATION, Plaintiff and Counter-defendant-Appellee, v. WILLIAM HOFMANN *et al.*, Defendants and Counterplaintiffs-Appellants.

Third District   No. 3—88—0495

Opinion filed April 5, 1989.

Coryn, Walker & Meehan, of Rock Island (William M. Walker, of counsel), for appellants.

Standard & Tenold, of Monmouth (James R. Standard, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff filed an action seeking to foreclose a mortgage upon certain real estate located in Rock Island County, and the defendants filed a counterclaim, asserting they had a judgment lien on the property which was superior to the plaintiff's interests. Cross-motions for summary judgment were filed, and the court granted the motion filed by the plaintiff. The defendants appeal, and we reverse.

Roger and Sandra Hofmann's marriage was dissolved in October of 1979. The court ordered Roger to pay Sandra $151,290 as alimony in gross and granted Sandra a lien against Rock Island County real estate awarded to Roger to satisfy the alimony award. At that time, Roger was paying for the real estate pursuant to a contract for deed and did not hold title to the property. Sandra filed what she calls a "*lis pendens* notice of the judgment" in Rock Island County on December 5, 1979, but the judgment itself was not recorded. The trial court judgment was reversed following Roger's appeal to this court. (*Hofmann v. Hofmann* (1981), 99 Ill. App. 3d 526.) The supreme court reversed this court's decision and remanded the cause to the circuit court for further proceedings. *Hofmann v. Hofmann* (1983), 94 Ill. 2d 205.

In April of 1983, before the case was decided on remand and before Roger Hofmann obtained title to the Rock Island property, Roger and his new wife obtained a mortgage on the property from the plaintiff herein, Security Savings and Loan Association. According to the record, the plaintiff disbursed the funds on the verbal recommendation of its attorney, who indicated that the plaintiff's mortgage would be a first and paramount lien on the real estate. The mortgage was properly recorded on April 4, 1983.

On June 29, 1983, the circuit court, on remand, entered a judgment against Roger and in favor of Sandra in the amount of $186,195. The court again specifically made the judgment a lien against the Rock Island real estate awarded to Roger. Sandra filed a "*lis pendens* notice of the judgment" and also filed a certificate of judgment in Rock Island County on July 14, 1983.

On September 7, 1983, the plaintiff's attorney issued to the plaintiff his written preliminary report of title, noting that Roger Hofmann did not have title to the subject real estate, and further noting that there were "judgment liens" against the property, namely the two *lis pendens* notices and the certificate of judgment Sandra had previously filed. On October 12, 1983, Roger obtained the deed to the property.

On April 12, 1985, Sandra Hofmann, n/k/a Sandra Fausett, executed a written document assigning all of her right, title, and interest in the judgments previously entered against Roger in their dissolution case to William and Donna Hofmann, the defendants herein and the parents of Roger.

Subsequently, Roger and his current wife were in arrears with their mortgage payments, and the plaintiff instituted foreclosure proceedings on February 18, 1986. William and Donna Hofmann were added as defendants in that action by court order on July 2, 1986. On September 11, 1986, the defendants filed an affirmative defense and counterclaim, asserting that they had a lien prior and superior to that of the plaintiff by virtue of the assignment of Sandra's interest in the judgment lien. The parties filed cross-motions for summary judgment. The court granted the plaintiff's motion on the complaint, denied the defendants' motion for summary judgment on the counterclaim, and entered a separate judgment for foreclosure and sale. The defendants appeal from the order granting summary judgment to the plaintiff and continue to maintain that their lien is prior and superior to the plaintiff's lien. We agree and therefore reverse.

The defendants contend that the plaintiff had actual and constructive knowledge of the existing judgment lien on the property and, therefore, the plaintiff cannot claim to possess a prior and superior lien by virtue of its status as a *bona fide* purchaser without notice. On appeal, the plaintiff argues primarily that the defendants do not have a lien against the property, first, because Sandra Hofmann's alimony award was personal and, therefore, not assignable and, second, because the real estate subject to the lien was not sufficiently described in the dissolution order. Alternatively, the plaintiff contends that if a lien was created, it was not until the certificate of judgment

was filed, which occurred after the plaintiff recorded its mortgage.

■ With regard to the plaintiff's first argument, we find that consideration of the issue of assignability has been waived by the plaintiff's failure to raise it prior to this appeal. Similarly, the plaintiff's argument regarding the sufficiency of the legal description has also been raised for the first time on appeal. It is waived.

■ Finally, the plaintiff contends that its lien is prior and superior to the defendants' because a certified copy of Sandra and Roger's dissolution judgment was not recorded until July of 1983, so there was no existing lien on the property at the time the mortgage was recorded in April of 1983. In Illinois, a judgment does not become a lien on the real estate of the person against whom it is entered until a transcript, certified copy, or memorandum of the judgment is filed in the recorder's office in the county in which the real estate is located. (Ill. Rev. Stat. 1987, ch. 110, par. 12—101.) Therefore, the plaintiff correctly argues that the filing of the *lis pendens* notice in Rock Island County in 1979 did not create a proper lien against the subject property. This determination does not resolve the case, however, for we agree with the defendants that the *lis pendens* notice gave the plaintiff constructive notice of the pending litigation and now prevents the plaintiff from claiming to be an innocent purchaser.

■ The doctrine of *lis pendens* represents the view that one who acquires an interest in property that is involved in pending litigation stands in the same position as the vendor, is charged with notice of the rights belonging to the vendor's antagonist, and takes the property subject to whatever valid judgment is ultimately entered in the litigation. (51 Am. Jur. 2d *Lis Pendens* §1 (1970).) While Sandra's filing of notice of *lis pendens* after the first judgment was entered is a flawed procedure, nothing in the *lis pendens* statute in force at that time (Ill. Rev. Stat. 1979, ch. 110, par. 405) or in the present statute (Ill. Rev. Stat. 1987, ch. 110, par. 2—1901) forbids filing of the notice at any time during the pendency of the litigation. The statute provides that from the time the notice of *lis pendens* is filed, it serves as constructive notice to every person subsequently acquiring an interest in the property, and further provides that the person acquiring the subsequent interest shall be bound by the proceedings to the same extent and in the same manner as if he were a party. Thus, when Sandra filed the notice of *lis pendens* at the time the initial judgment was appealed, the plaintiff and all others were charged with constructive notice of the judgment in Sandra's favor, the court's order permitting the judgment to be made a lien on the

real estate, and the fact that the case had been appealed.

The plaintiff disbursed funds to Roger and his new wife and then recorded the mortgage on April 4, 1983, but the final judgment in the dissolution action, which again made the judgment in Sandra's favor a lien against the real estate, was not entered until June 29, 1983. Thereafter, Sandra promptly filed the necessary certificate of judgment and the judgment became a proper lien on the property.

Sandra's lien, which she assigned to the defendants, arose out of the final judgment in the dissolution action of which the plaintiff had constructive notice. The record reveals that had the plaintiff conducted a sufficient title search prior to disbursing funds to Roger and his new wife, it would have discovered the notice of *lis pendens*, and that the court had ordered the judgment in Sandra's favor to be a lien against the subject property. Further inquiry would have revealed that the case remained unresolved following the appeal. Thus, the plaintiff did not acquire its interest as a *bona fide* purchaser without notice, but rather, it stood in the shoes of the mortgagor and took its interest with notice and subject to the judgment lien which attached after the final judgment was rendered in the litigation. The plaintiff's interest in the real estate arose subsequent to the formal notice of *lis pendens* and is therefore inferior to the defendants' interest. The trial court should have entered judgment on the defendants' motion and declared their lien prior and superior to the plaintiff's interest.

Based on the foregoing, the judgment of the circuit court of Rock Island County is reversed.

Reversed.

WOMBACHER, P.J., and SCOTT, J., concur.