## In re RISING FAST RENTALS, INC.

## Warren DUPWE, Trustee, Plaintiff,

v.

## WORTHEN NATIONAL BANK OF BATESVILLE, Defendant.

Bankruptcy No. 93–10095S.
Adv. No. 93–1011.

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Dec. 17, 1993.

Jeffrey Hance, Batesville, AR, for debtor.

Warren Dupwe, trustee, Jonesboro, AR.

Sandra Jackson, Little Rock, AR, for Worthen Nat. Bank of Batesville.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the stipulation of facts and briefs of the parties.[1] This adversary proceeding was initiated by the trustee's complaint filed on August 18, 1993, which sought to avoid the filing of a *lis pendens* as a preference under Bankruptcy Code section 547(b).

In December 1991, Worthen National Bank of Batesville obtained judgment against the debtor. In May 1993, Worthen filed a suit to set aside transfers of property as fraudulent. The *lis pendens* was recorded in connection with the fraudulent transfer suit, on May 14, 1993, in order to acquire superior rights to any ultimate recovery as a result of the fraudulent transfer law suit. *See generally* Ark.Code 16–59–101 *et seq.* (Arkansas *lis pendens* statute). The bankruptcy case was filed only three days later, on May 17, 1993. The Answer was filed on September 15, 1993, asserting that the recording of the *lis pendens* related back to the recordation of the prior judgment on the debt, on December 12, 1992, such that no transfer occurred during the ninety-day preference period. In addition to filing an answer, the defendant asserted a counterclaim, on October 25, 1993, for declaratory judgment, requesting that the Court determine Worthen's lien prior in time and right to all other interests in the property.[2]

---

1. Worthen's brief was not filed in the adversary proceeding file, but was submitted for filing in CMS 93–754.

2. Although Worthen requests the Court determine that its lien is prior "over all other claims,"

the complaint has the peculiar characteristic of not suing any defendant. Since no person is sued, it fails to state a cause of action. Of course, due process would preclude this Court

The legal issue for the Court is whether the filing of the *lis pendens* constitutes a preferential transfer under section 547(b). The Court concludes that such filing, to the extent it perfected or created any additional rights in the subject property, is a preference. Section 547(b) provides in pertinent part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Worthen's only argument is that the *lis pendens*, recorded within the preference period, relates back to the prior money judgment, recorded prior to the preference period, such that no transfer occurred within the preference period. This Court finds the facts and analysis found in *Hurst Concrete Products, Inc. v. Lane (In re Lane)*, 980 F.2d 601 (9th Cir.1992) to be directly on point and will follow that analysis and result. Under Arkansas law, like the California law analyzed in *Lane*, the recording of the *lis pendens* affects the possession and interests in debtor's property. *See generally* Ark.Code

16–59–101 *et seq.* Accordingly, the recording of the notice of *lis pendens* is itself a "transfer" within the meaning of section 547, which transfer occurred when the notice was recorded. As noted by the Ninth Circuit, "The recording of a lis pendens to secure one's interest in property is precisely the type of conduct promoted by the drafters of the Code. It is a recorded notice to subsequent parties that they should not assume that the property is 'free and clear.'" *Lane*, 980 F.2d at 605. Based on the foregoing, it is

**ORDERED** as follows:

1. The recording of the *lis pendens* is an avoidable preference pursuant to 11 U.S.C. § 547(b) such that judgment will be entered in favor of the trustee.

2. In order that the record will be complete in the event of an appeal, the clerk is directed to file a copy of the document "Memorandum in Support of Worthen's Motion for Relief from Stay," filed on September 29, 1993, in the file CMS 93–754, in the Adversary Proceeding file, 93–1011.

**IT IS SO ORDERED.**

from making any determination of lien priority with regard to persons not in this law suit.