**In re Lewis C. LEONARD, Debtor.**

**Bankruptcy No. 95 B 50993.**

United States Bankruptcy Court,
N.D. Illinois,
Western Division.

May 21, 1996.

C.D. Kasson, Hinsdale, IL, for Barker and Lieblich.

James E. Stevens, Trustee, Rockford, IL.

Jason Rock, Rockford, IL, for trustee.

David R. Gervais, Crystal Lake, IL, for Lewis C. Leonard.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter came before the Court on the Motion of Robert Barker and Theodore Lieblich ("Barker and Lieblich") to Reconsider Judgment ("Motion to Reconsider"); Barker and Lieblich's Memorandum in Support of Motion to Reconsider; Response of the Chapter 7 Trustee ("Trustee"), James E. Stevens, to Petitioner's Motion to Reconsider; and Barker and Lieblich's Reply Memorandum in Support of Motion to Reconsider. Barker and Lieblich are represented by Attorney C.D. Kasson. The Trustee is represented by himself and Attorney Jason Rock. Attorney David R. Gervais represents Lewis C. Leonard, but he has not participated in this matter.

## STANDARDS FOR MOTION TO RECONSIDER

A motion to reconsider by a bankruptcy court is not specifically contemplated by the federal rules. *In re Investors Florida Aggressive Growth Fund, Ltd.,* 168 B.R. 760, 768 (Bankr.N.D.Fla.1994). A motion to reconsider brought under Bankruptcy Rule 9023, however, is treated as a similar motion to alter or amend judgment under Federal Rule of Civil Procedure 59. *Id.* (citing *In re Oklahoma P.A.C. First Ltd. Partnership,* 122 B.R. 387, 394 (Bankr.D.Ariz.1990)); *see also Jefferson v. Security Pacific Financial Services, Inc.,* 162 F.R.D. 123, 124 (N.D.Ill.1995). The Seventh Circuit has offered helpful guidance in examining a motion to reconsider:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion.... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665–66 (N.D.Ill.1982), *aff'd* 736 F.2d 388 (7th Cir.1984). Nor should the motion to reconsider act as a mechanism to rehash old arguments. *In re Oil Spill by "Amoco Cadiz",* 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd* 4 F.3d 997 (7th Cir.1993). Moreover, the Seventh Circuit has found another valuable aspect of the motion to reconsider occurs when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).

## DISCUSSION

Early going in this matter, the arguments of counsel were not well defined, particularly with regard to Sections 544(a)(3) and 544(b).[1]

---

1. Section 544 of the Bankruptcy Code states in pertinent part:
 (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by— ...
 (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a

Ultimately, the Court went beyond the arguments of counsel and unearthed its own cases. *See e.g., In re Kleckner*, 81 B.R. 464, 466 (Bankr.N.D.Ill.1988) (finding that the court at times must engage in its own research so as to reach the correct outcome).

The Motion to Reconsider brought the issue into better focus. This time Section 544(b) was clearly designated as the Trustee's tool of choice, but the critical question remains whether the lis pendens filing could give an unsecured creditor a lien against property owned by a third party which is superior to the Trustee's rights under Section 544(b).

After painstakingly reviewing the oral arguments and written briefs, the Court finds that it would reach the same result and therefore the Motion for Reconsideration should be denied.

\* \* \* \* \* \*

The Court's Memorandum Opinion of February 16, 1996, held that the filing of a lis pendens does not operate to perfect a lien against real property; that the recording of a lis pendens does not defeat the Trustee's avoiding power under Section 544(b); and that a lis pendens does not defeat the Bankruptcy Code's priorities for distribution of assets recovered by a trustee in a Section 544(b) fraudulent transfer avoidance.[2]

The arguments presented in the Motion to Reconsider are largely an iteration of the original arguments from a slightly different vantage point. Barker and Lieblich agree that the Trustee can bring a fraudulent conveyance action under Section 544(b) against Zacharias Leonard, the Debtor's son, but thereafter they part company with the Trustee by contending that the filing of a lis pendens operates to perfect their equitable lien in the two vacant lots, thereby transforming them into secured creditors; and that the filer of a lis pendens under Illinois law is granted a superior interest in the subject property as against those parties that acquire a subsequent interest, including a trustee in bankruptcy. Barker and Lieblich expend much effort in pointing out Illinois law which provides that the priorities favor the lis pendens filer who filed first.[3]

The Trustee, on the other hand, contends that the filing of a lis pendens does not perfect a lien against the vacant lots. As such, the Trustee argues that he can avoid the conveyance under Section 544(b) for the benefit of all unsecured creditors.

\* \* \* \* \* \*

Once again, the Court is not persuaded that the filing of a lis pendens acts to perfect a lien on real estate. To reemphasize, the lis pendens statute merely provides *constructive notice* to subsequent purchasers. *See* 735 ILCS 5/2–1901 (1993). The lis pendens filer is neither a judgment lien creditor nor a consensual lien creditor. Nothing within the language of the lis pendens statute indicates that it operates as a means of perfection.[4]

---

bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer].

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502 of this title.

11 U.S.C. § 544.

2. Previously, the Court had the occasion to review the facts of this case in addressing the Trustee's Motion to Dismiss. The basic facts are set forth in this Court's Memorandum Opinion of February 16, 1996. The Court uses the terms "filed" and "recorded" interchangeably throughout the Memorandum Opinion as they relate to the operation of a lis pendens.

3. Note that the Debtor was not the owner or the titleholder of the property in question at the time the lis pendens was filed. Barker and Lieblich would, therefore, advocate the involuntary imposition of a lien on property owned not by the Debtor, but by a third party.

4. Barker and Lieblich rely on case law to argue that the actions taken by them are tantamount to perfection, in part because they have priority over all other judgment creditors. For the most part, these cases involve subsequent creditors or bona fide purchasers. *See e.g., Rappleye v. International Bank*, 93 Ill. 396, 400 (1879); *Stoller v. Exchange Nat'l Bank of Chicago*, 199 Ill.App.3d 674, 145 Ill.Dec. 668, 557 N.E.2d 438 (Dist. 5 1990).

These cases more appropriately relate to Section 544(a)(3), not Section 544(b). As such, the interrelationship of Section 544(a)(3) and the effect of a lis pendens filing is a red herring.

As the Trustee advanced, the mechanism under Illinois law to perfect a lien against real estate is found in 735 ILCS 5/12–101. "A judgment does not become a lien on the real estate of the person against whom it is entered until a transcript, certified copy, or memorandum of the judgment is filed in the recorder's office in the county in which the real estate is located." *Security Savings & Loan Ass'n v. Hofmann*, 181 Ill.App.3d 419, 422, 130 Ill.Dec. 197, 198–99, 537 N.E.2d 18, 19–20 (Dist. 3 1989); *see also* 735 ILCS 5/12–101 (1993). Thus, while the filing of a lis pendens will afford protection against subsequent purchasers or bona fide purchasers, it is a stretch of reasoning to argue that the act of providing constructive notice concurrently acts as perfection.[5] Therefore, the Court finds that Barker and Lieblich hold an unsecured, not a secured claim.

Barker and Lieblich cite *In re Lane*, 980 F.2d 601 (9th Cir.1992), to support their position that a creditor who files a lis pendens is a secured creditor. The Court agrees with the Trustee's argument that the *Lane* case is distinguishable. The issue in *Lane* was whether the filing of a lis pendens is a transfer within the definition of transfer set forth in Section 547(e)(1)(A). *Lane*, 980 F.2d at 604; *see also In re Rising Fast Rentals, Inc.*, 162 B.R. 203, 204 (Bankr.E.D.Ark.1993). The question of whether a lis pendens filing creates a lien or the impact of Section 544(b) is missing from the court's analysis. Furthermore, the parties in *Lane* do not argue, as the Trustee does here, that state law expressly provides the steps required to perfect a lien against real estate. *See* 735 ILCS

5/12–101 (1993). If the *Lane* case is not distinguishable, this Court goes on the record as respectfully disagreeing with the analysis as it relates to the effect of a lis pendens filing.

\* \* \* \* \* \*

Barker and Lieblich point to Illinois case law that promotes the theory that the equities protect the most diligent party. In other words, the party who is first in time is also first in right. *See e.g., Cole Taylor Bank v. Cole Taylor Bank*, 224 Ill.App.3d 696, 703–04, 166 Ill.Dec. 817, 822, 586 N.E.2d 775, 780 (Dist. 1 1992). Indeed, Barker and Lieblich have taken every step available to them under Illinois law to protect their potential interest in the two vacant lots.

The question here, however, is not how Barker and Lieblich would fare in an Illinois court, but rather how should their "interest" be treated by the bankruptcy court. To answer that question, the Court must turn to the Bankruptcy Code and its underlying policies.

As a court of equity, the Court here must balance the equities espoused by Barker and Lieblich with one of the preeminent goals of bankruptcy: equality of distribution among creditors. *See e.g., Begier v. I.R.S.*, 496 U.S. 53, 58, 110 S.Ct. 2258, 2263, 110 L.Ed.2d 46 (1990) (central policy of Bankruptcy Code is equality of distribution among creditors). As such, the Court has grave concerns about the use of a lis pendens to contravene that goal of the Bankruptcy Code.[6]

To better illustrate the Court's concern: Assume a contract dispute whereby the

**5.** Barker and Lieblich argue that the Seventh Circuit in *Matter of Wheaton Oaks Office Partners Ltd. Partnership*, 27 F.3d 1234, 1244 (7th Cir. 1994), defines perfection of a lien as the giving of proper notice to other potential creditors that the lienholder holds a superior interest to those who subsequently acquire an interest.

The *Wheaton Oaks Office* case dealt with whether an assignment of rents, upon execution, created a lien on rents so as to constitute a pre-petition security interest under Section 522(b). *Wheaton Oaks Office*, 27 F.3d at 1242. In determining that issue, the court analyzed the steps required to perfect a security interest in rents. *Id.* at 1244. The creditor had properly recorded the underlying mortgage containing the assignment of rents well before the bankruptcy, but had not taken the necessary steps to acquire an

interest in specific rents. *Id.* The court held that executing the assignment of rents created an equitable lien on the rents and therefore the creditor held a security interest in the rents. *Id.* at 1243.

The facts here are inapposite. The Court here is not dealing with mortgages and assignment of rent clauses, but a lis pendens filing.

**6.** The Court also recognizes the precedent that adheres to the principle that equitable liens are generally not favored in bankruptcy proceedings, unless fraud is involved. *In re T. Brady Mechanical Services, Inc.*, 133 B.R. 441, 446 (Bankr. N.D.Ill.1991); *Matter of Einoder*, 55 B.R. 319, 329 (Bankr.N.D.Ill.1985). *But see, Wheaton Oaks Office Partners Ltd. Partnership*, 27 F.3d 1234 (7th Cir.1994) (recognizing an equitable lien in specific rents).

plaintiff brings state court litigation seeking $100,000 in damages. The defendant owns an unencumbered vacant lot worth $100,000. The plaintiff files a lis pendens notice on the vacant lot. Before any trial or judgement, the defendant files for bankruptcy.

Is it possible that the filing of a lis pendens transforms this unsecured creditor into a creditor with more rights than a bankruptcy trustee? Under this reasoning, unsecured creditors would be armed with a powerful tool to usurp the congressional goal of equality of distribution among creditors.[7]

Barker and Lieblich would have the Court adopt the reasoning that neither by judgment, nor by consent, the lis pendens filer is miraculously catapulted to an exalted position ahead of other unsecured creditors, in other words, the holder of a perfected security interest. The Court, however, concludes that that kind of metamorphosis requires specific or concrete statutory authority beyond the constructive notice language of the Illinois lis pendens statute. The Court's job is to interpret statutes, not to legislate, reconstruct or correct statutes. *See generally Deans v. O'Donnell*, 692 F.2d 968, 971 (4th Cir.1982). As such, it is the job of the Illinois legislature or Congress to provide a clear directive to those entities that file a lis pendens in the hopes of protecting their rights as against a bankruptcy trustee. Until such time, as against the Trustee armed with exclusive powers under Section 544(b), Barker and Lieblich should share equally with the other unsecured creditors. *See e.g., Carlton v. Baww, Inc.*, 751 F.2d 781, 785–86 (5th Cir.1985) (right to proceed under Section 544(b) belongs to the bankruptcy trustee).

Barker and Lieblich's Motion to Reconsider Judgment should be denied.

IT IS SO ORDERED.

---

Arguably, the hypothetical contract case is stronger than Barker and Lieblich's case involving a fraudulent transfer because the defendant in the contract case *is the owner and titleholder* at the time the lis pendens is filed. *See supra* Note 3.