THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS WILKINSON et al., Defendants-Appellees.

Third District No. 3—95—0775

Opinion filed November 15, 1996.

SLATER, J., specially concurring, joined by LYTTON, J.

James Glasgow, State's Attorney, of Joliet (Philip A. Mock and Judith DeViendt (argued), Assistant State's Attorneys, of counsel), for the People.

Jeremy Margolis (argued), and Rita M. Alliss, both of Altheimer & Gray, of Chicago, for appellees.

JUSTICE MICHELA delivered the opinion of the court:

The circuit court of Grundy County dismissed a two-count indictment charging appellees Thomas Wilkinson, John Dollinger and Donald Kaufman with official misconduct in violation of section 33—3(c) of the Criminal Code of 1961. 720 ILCS 5/33—3(c) (West 1994). The State appeals. For the reasons set forth below, we affirm in part and reverse in part.

A Grundy County grand jury investigated whether members of the Grundy County board acted improperly concerning the bid and eventual award of a county contract for computer equipment. The

targets of this investigation, Wilkinson, Dollinger and Kaufman (appellees), retained private counsel, Jeremy Margolis, to represent their interests during the pendency of the grand jury investigation. On November 1, 1994, Margolis filed a petition to appoint a special prosecutor to conduct the grand jury investigation and to enjoin the Grundy County State's Attorney's office from any involvement with the grand jury investigation. On November 7, 1994, the court ruled a special prosecutor was necessary, and upon the agreement of the parties and of Will County State's Attorney James Glasgow, the court appointed the Will County State's Attorney's office to conduct the grand jury investigation. The investigation ended on February 1, 1995, when the grand jury returned a no bill. On February 14, 1995, the Grundy County board passed a resolution indemnifying the appellees for their legal expenses incurred during the grand jury investigation. The resolution stated that the Grundy County State's Attorney was the county board's statutory legal counsel, but that a perceived conflict of interest prevented their receipt of statutory legal representation from that office. The resolution further stated that in order to obtain legal representation, the court must appoint a special State's Attorney pursuant to section 3—9008 of the Counties Code. 55 ILCS 5/3—9008 (West 1994). The county board further resolved that Margolis be appointed as "Special State's Attorney" for his legal representation of the appellees during the grand jury investigation. However, no legal motion was filed with the court to appoint Margolis, or any other competent counsel, as a special State's Attorney *nunc pro tunc* or at any time during these proceedings.

The resolution passed upon the approval of the county board. The appellees abstained from voting on the resolution with the exception of Wilkinson, who was not present. Upon authorization by the county board, the appellees personally accepted $21,120.44 as reimbursement for their legal fees. Will County Assistant State's Attorneys Philip Mock and Judith DeVriendt conducted another Grundy County grand jury investigation to determine whether the acceptance of these monies constituted official misconduct. On August 16, 1995, the grand jury returned a two-count indictment charging the appellees with official misconduct. Because the language of the indictment is at issue, it is reproduced below:

"COUNT I
on or between **June 16, 1995 and June 20, 1995**, at and within Grundy County, Illinois, , a [*sic*] THOMAS WILKINSON, JOHN DOLLINGER, DONALD KAUFMAN, male persons, committed the offense of:

OFFICIAL MISCONDUCT

**(CLASS 3 FELONY)**

in that, they knowingly being public officers, Grundy County Board members, in their official capacity and with the intent to obtain personal advantage for themselves and each other, performed an act in excess of their lawful authority, in that they accepted $21,120.44 from the County of Grundy for reimbursement for legal fees incurred by them as private citizens, in violation of Chapter 720, Section 5/33—(c) [*sic*], of the Illinois Compiled Statutes, 1994, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois, and

## COUNT II

on or between June 16, 1995 and June 20, 1995, at and within Grundy County, Illinois, , a [*sic*] **THOMAS WILKINSON, JOHN DOLLINGER, DONALD KAUFMAN**, male persons, committed the offense of:

## OFFICIAL MISCONDUCT

**(Class 3 Felony)**

in that, they knowingly, being public officers, Grundy County Board members, in their official capacity and with the intent to obtain personal advantage for themselves and each other, performed an act in excess of their lawful authority, in that they accepted $21,120.44 from the County of Grundy for reimbursement for legal fees incurred by them in their official capacity without first having their legal representative appointed as a Special State's Attorney, in violation of Chapter 720, Section 5/33—3(c), of the Illinois Compiled Statutes, 1994, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois ***."

On August 24, 1995, the appellees filed a pretrial motion to dismiss both counts of the indictment. A hearing was held, and on September 5, 1995, the court denied the motion. The appellees filed a motion to reconsider, and on September 21, 1995, the court reversed itself and dismissed the indictment. The State filed a timely notice of appeal.

■ The indictment at issue charges the appellees violated section 33—3(c) of the Criminal Code of 1961, which states:

"A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts:

\* \* \*

(c) [w]ith intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority[.]" 720 ILCS 5/33—3(c) (West 1994).

The form of a charge is sufficient under section 111—3 of the Code of Criminal Procedure of 1963 (the Code) when the charging instrument is "in writing, stating the name of the offense and the relevant statutory provision violated, setting forth the nature and elements of the offense and the date and county in which the offense occurred, and naming the accused." *People v. Meyers*, 158 Ill. 2d 46, 51, 630 N.E.2d 811, 815 (1994); 725 ILCS 5/111—3 (West 1994). The determination reached by a trial court on a pretrial motion to dismiss a charging instrument because it does not comply with section 111—3 of the Code is subject to *de novo* review. *People v. Smith*, 259 Ill. App. 3d 492, 495, 631 N.E.2d 738, 740 (1994); 725 ILCS 5/111—3 (West 1994).

The State argues the trial court's dismissal of the indictment is contrary to our prior holding in *People v. Kleffman*, 90 Ill. App. 3d 1, 412 N.E.2d 1057 (1980). We first address the appellees' contention that the State has waived its *Kleffman* argument on appeal. In support, the appellees cite *Security Savings & Loan Ass'n v. Hofmann*, 181 Ill. App. 3d 419, 422, 537 N.E.2d 18, 19 (1989). We find the case distinguishable. In *Hofmann*, an argument raised on appeal was never before presented to the trial court, depriving the trial court of the opportunity to consider its merits. *Hofmann*, 181 Ill. App. 3d at 422, 537 N.E.2d at 19. In contrast, the record demonstrates the State filed written memoranda and presented oral arguments on *Kleffman* to the trial court, sufficiently preserving its *Kleffman* argument on appeal.

In *Kleffman*, as in the case at bar, the trial court granted an accused's pretrial motion to dismiss an indictment charging the accused with official misconduct because the indictment failed to conform to the requirements of section 111—3(a) of the Code. *Kleffman*, 90 Ill. App. 3d 1, 412 N.E.2d 1057; 725 ILCS 5/111—3(a) (West 1994). We reversed and rejected the accused's argument that facts constituting official misconduct need to be pled with exacting specificity. *Kleffman*, 90 Ill. App. 3d 1, 412 N.E.2d 1057.

■ In so holding, we recognized that the demand for factual specificity in a charging instrument is to satisfy the basic goals of informing the accused of the charge so that he can prepare a competent defense and protect himself from a future prosecution for the same offense. *Kleffman*, 90 Ill. App. 3d at 5, 412 N.E.2d at 1061; *People v. Banks*, 75 Ill. 2d 383, 392, 388 N.E.2d 1244, 1248 (1979). Further, in *Kleffman* we relied on our supreme court's statement that when the language of a statute is sufficient to meet the above goals and the charging language of an indictment tracks the statutory language, the requirements of section 111—3(a) of the Code are met. *Kleffman*, 90 Ill. App. 3d at 5, 412 N.E.2d at 1061; *People v.*

*Banks*, 75 Ill. 2d 383, 392, 388 N.E.2d 1244, 1248 (1979); 725 ILCS 5/111—3(a) (West 1994).

The official misconduct statute is a *malum prohibitum* statute punishing "an act which is not inherently immoral, but [which] becomes so because its commission is expressly forbidden by positive law." Black's Law Dictionary 865 (5th ed. 1979). We recognize that as a *malum prohibitum* statute, section 33—3(c) of the Criminal Code of 1961, "standing alone[,] does not delineate specific criminal conduct [citations], but it derives its meaning by specifying an act described as being 'in excess of [defendant's] lawful authority.' " *People v. Samel*, 115 Ill. App. 3d 905, 909, 451 N.E.2d 892, 895 (1983); 720 ILCS 5/33—3(c) (West 1994).

■ With the above principles in mind, we find the trial court correctly decided that count I of the indictment is defective because it does not state an act in excess of the appellees' lawful authority. Count I accuses the appellees of acting in excess of their lawful authority by accepting reimbursement for legal expenses incurred as private citizens. It is not *per se* an act in excess of a county officer's lawful authority when he accepts reimbursement from a body of government for legal expenses incurred as a private citizen. Thus, count I of the indictment is facially defective because it fails to plead sufficient facts specifying an act in excess of the appellees' lawful authority.

■ Count II of the indictment was dismissed by the trial court in error. Unlike count I, count II accuses the appellees of acting in excess of their lawful authority when they accepted money as reimbursement for legal fees incurred while in their official capacity *"without first having their legal representative appointed as a Special State's Attorney."* (Emphasis added.) We find this language sufficiently pleads an act in excess of the appellees' lawful authority.

A State's Attorney is the statutory attorney for a county officer who requires legal representation in his official capacity. Illinois law provides that a State's Attorney has a duty to "defend all actions and proceedings brought against *** any county *** officer, in his official capacity, within his county." 55 ILCS 5/3—9005(a)(4) (West 1994). However, when the State's Attorney is "interested in any cause or proceeding, *** which it is or may be his duty to *** defend, the court may appoint some competent attorney to *** defend such cause or proceeding." 55 ILCS 5/3—9008 (West 1994).

The record demonstrates the appellees first secured Margolis as private legal counsel and then filed a petition to appoint a special prosecutor on November 1, 1994. On November 7, 1994, upon order of the court, the prosecution was removed from Grundy County and

assigned to Will County. Once the prosecution was assigned to Will County, the State's Attorney of Grundy County remained the appellees' statutory counsel until one of the interested parties petitioned the court to appoint another attorney to fulfill the Grundy County State's Attorney's statutory duty to defend an action brought against a county officer in his official capacity. We do not believe our view to be impractical. See *In re Grand Jury Investigation of Swan*, 92 Ill. App. 3d 856, 862-63, 415 N.E.2d 1354, 1360 (1981).

We are mindful that the practical exigencies of political life will sometimes preclude an elected official's willing receipt of legal representation from his statutory attorney and, conversely, a statutory attorney, such as a State's Attorney, may not wish to represent an elected official he has accused of a misdeed. While a State's Attorney has a duty to defend a county officer, a county officer does not have the concurrent duty to accept such legal representation in his official capacity. For example, a county officer may choose to forego statutory representation and act as a private citizen by procuring counsel, at his own expense, to defend an action brought against him in his official capacity. However, Illinois law and its underlying public policy do not impose this burden. Under section 3—9008 of the Counties Code, either party may petition the court for relief in the form of competent counsel to fulfill the State's Attorney's statutory duty to prosecute or defend a county officer in his official capacity. 55 ILCS 5/3—9008 (West 1994).

In *People v. Clark*, 71 Ill. App. 3d 381, 389 N.E.2d 911 (1979), a Du Page County treasurer retained private counsel to defend him in a criminal prosecution charging him, *inter alia*, with official misconduct. *Clark*, 71 Ill. App. 3d at 392, 389 N.E.2d at 928. Clark's counsel was allowed to withdraw and Clark petitioned the court to have the State's Attorney or another attorney appointed for him. *Clark*, 71 Ill. App. 3d at 404, 406. The trial court denied the petition and the appellate court affirmed this decision and also reversed Clark's conviction for official misconduct.

The court reasoned that Clark was not entitled to statutory representation because the actions for which he was accused "were not actions taken by Clark under color of or by virtue of his public office." *Clark*, 71 Ill. App. 3d at 406, 389 N.E.2d at 929. Consequently, because Clark was not acting in his official capacity, the trial court did not abuse its discretion in refusing to appoint the State's Attorney or other competent counsel to defend Clark and his conviction for official misconduct was reversed. Unlike *Clark*, the appellees filed no petition with the court to request the appointment of an attorney to represent them in their official capacity or to authorize the appointment of their privately retained attorney *nunc pro tunc*.

■ The appellees contend, however, that the county board was empowered by section 5—1018 of the Counties Code to indemnify and reimburse them for their legal fees. 55 ILCS 5/5—1018 (West 1994). This statutory provision limits reimbursement to county board members for "expenses necessarily incurred while in the conduct of the business of the county." 55 ILCS 5/5—1018 (West 1994). Further, "[a] county board may employ *** professional personnel for the members of the county board *** and [may] pay for the services of such personnel." 55 ILCS 5/5—1018 (West 1994).

Despite this vested discretion, our court has long held a county board is not authorized "to employ at public expense an attorney to perform the duties of State's Attorney." *Abbott v. County of Adams*, 214 Ill. App. 201, 207 (1919); see also *Hazen v. County of Peoria*, 138 Ill. App. 3d 836, 842-43, 485 N.E.2d 1325, 1330 (1985); *Sommer v. Goetze*, 102 Ill. App. 3d 117, 119, 429 N.E.2d 901, 903 (1981). We therefore conclude that, under Illinois law, a public official acts in excess of his lawful authority when he fails to obtain the court appointment of legal counsel to act as a special assistant State's Attorney and accepts public funds to pay for that same privately retained legal counsel.

■ We next consider the language of count II alleging that the appellees were public officers, *i.e.*, Grundy County board members. We find this factually sufficient. Next, we consider whether count II sufficiently alleges that the appellees acted in their official capacity. We have stated that one performs an act in his official capacity under section 33—3(c) of the Criminal Code of 1961 if the act is "accomplished by exploitation of his position as a public officer or employee." *Kleffman*, 90 Ill. App. 3d at 3, 412 N.E.2d at 1060; 720 ILCS 33—3(c) (West 1994).

The appellees argue that by accepting reimbursement they were not exploiting their official positions since they were entitled to legal representation in their official capacity during the grand jury investigation. We do not dispute that the appellees were entitled to receive legal representation in their official capacity. However, as we have already discussed, the appellees were limited to accepting legal representation in their official capacity, at public expense, from their statutory attorney or an attorney appointed by the court to assume this duty. Therefore, count II sufficiently charges that the appellees received reimbursement for their legal fees within their official capacity.

A contrary interpretation, such as an interpretation finding that the appellees accepted money as private citizens, presents the factual scenario dismissed in count I. The appellees argue that this result,

obtained because count I of the indictment accuses them of acting in a private capacity and count II alternatively accuses them of acting in a public capacity, mandates that the indictment be dismissed because it is void for duplicity. We do not agree.

■ An indictment cannot charge an accused with committing "disparate and alternative acts, either one of which would constitute an offense." *People v. Capitol News, Inc.* 137 Ill. 2d 162, 174, 560 N.E.2d 303, 308 (1990). However, count I does not charge the appellees with an offense. Count I erroneously charges the appellees with official misconduct when acting as private citizens. The failure of count I to charge an offense does not require the dismissal of the entire indictment; rather, the trial court employed the appropriate remedy of dismissing the defective charge. See 725 ILCS 5/114—1(a)(8) (West 1994). Neither do we agree that count II charges the appellees with separate and disparate acts, either of which could result in a criminal prosecution, when it distinctly accuses them of a single act of official misconduct.

■ Next, we discuss whether count II charges sufficient facts to demonstrate the appellees acted with the intent to obtain a personal advantage. 720 ILCS 5/33—3(c) (West 1994). In *Kleffman*, we stated " '[p]ersonal advantage' in this context means an advantage to a particular person as opposed to the public the officer or employee serves." *Kleffman*, 90 Ill. App. 3d at 4, 412 N.E.2d at 1061. Again, the appellees contend that their entitlement to legal representation removes their acceptance of $21,120.44 from the reach of the official misconduct statute. However, count II sufficiently charges that the appellees acted with the intent to gain a personal advantage because, without judicial authorization, they chose their own private attorney and accepted reimbursement for their legal fees at public expense.

We do not dispute the propriety of a county officer's statutory right to legal representation. However, when our legislature has provided for this circumstance through the allocation of public funds to pay for legal counsel, *i.e.*, the State's Attorney, "there exists in no man or set of men outside of the legislature itself the right or authority to expend, or authorize the expenditure of, other public funds for the performance of those same duties [of the State's Attorney]." *Abbott*, 214 Ill. App. at 206.

■ We next address the argument that the indictment should be dismissed pursuant to *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 568 N.E.2d 870 (1991). In that case, the plaintiff recited the official misconduct statute as the basis of his retaliatory discharge claim. *Fellhauer*, 142 Ill. 2d at 502, 568 N.E.2d at 873. Plaintiff's complaint was dismissed for its failure to state a cause of action. Our supreme

court stated that a plaintiff who bases a civil retaliatory discharge claim on "a charge of official misconduct under section 33—3 must specify the 'law' allegedly violated by the officer or employer in the course of committing the offense" to demonstrate that his discharge was in contravention with the law's clearly mandated public policy. *Fellhauer*, 142 Ill. 2d at 506, 568 N.E.2d at 875. We do not find *Fellhauer* dispositive. To the extent the appellees rely on *Fellhauer*, its reasoning applies to the narrow situation when a plaintiff brings a retaliatory discharge cause of action based on the official misconduct statute and not the charging of a criminal offense by an elected official.

 We next summarily address the appellees' additional arguments in support of their contention that the indictment should be dismissed. The appellees argue that the indictment should be dismissed because alleged impropriety by the Grundy County State's Attorney fatally tainted the grand jury process. However, as the trial court did not reach this issue and as the record reveals that no evidentiary hearing was held on this issue, we are unequipped to decide whether these alleged actions serve as an independent basis upon which the indictment may be dismissed.

Similarly, the appellees argue that the State improperly used immunized testimony when conducting the grand jury investigation that ultimately returned the two-count indictment at issue. We note that the appellees received use immunity when they were subpoenaed to testify before the grand jury which subsequently returned a no bill. Again, the trial court did not rule on this issue and no evidentiary hearing was held because the court dismissed the indictment on other grounds. Again, we cannot, without a more fully developed record, consider the merits of this argument.

 Finally, the appellees argue that the indictment is the result of a malicious prosecution because they were the only members of the county board investigated and indicted for official misconduct. The appellees cite *People v. Barton*, 190 Ill. App. 3d 701, 546 N.E.2d 1091 (1989), in support for their position. In *Barton*, an indictment was dismissed because of severe misconduct by a special prosecutor when he intentionally misled a grand jury, resulting in a violation of the defendant's right to due process under the law. *Barton*, 190 Ill. App. 3d at 708-09, 546 N.E.2d at 1096. The record in the instant case is sparse and devoid of a ruling by a trial court on this issue. We find no basis in the record or in the arguments presented to demonstrate prosecutorial misconduct occurred before the grand jury.

For the foregoing reasons, the trial court's dismissal of count II is

error as a matter of law. The judgment of the circuit court of Grundy County is affirmed in part and reversed in part.

Affirmed in part and reversed in part; cause remanded.

JUSTICE SLATER, specially concurring:

If the defendants in this case were unaware that by accepting the reimbursement authorized by the county board they were acting in excess of their authority, could they nevertheless be convicted of official misconduct? While the statute does not require that one *knowingly* act in excess of one's authority, should that mental state be implied as a matter of statutory construction? If so, the indictment should be dismissed for failing to allege a necessary element of the offense. See *People v. Valley Steel Products Co.*, 71 Ill. 2d 408, 375 N.E.2d 1297 (1978) (dismissing indictment for failure to allege implied mental state); *People v. Grant*, 101 Ill. App. 3d 43, 427 N.E.2d 810 (1981) (same); *People v. Malone*, 71 Ill. App. 3d 231, 389 N.E.2d 908 (1979) (same).

However, in *People v. Scharlau*, 141 Ill. 2d 180, 199, 565 N.E.2d 1319, 1328 (1990), our supreme court, in reference to the official misconduct statute, stated "[k]nowledge that the action in question violates the statute by being outside the officer's lawful authority is not an element." In view of this unambiguous statement, dismissal in this case for failure to allege a mental state appears foreclosed. The argument that section 33—3(c) requires an implied mental state was not directly raised in *Scharlau*, nor was it presented in this case. I believe that if this issue was squarely presented to our supreme court, it would find that a mental state is required. To hold otherwise would risk "creat[ing] a felony out of conduct that was wholly innocent." *People v. Tolliver*, 147 Ill. 2d 397, 401, 589 N.E.2d 527, 529 (1992). Given that official misconduct is a Class 3 felony punishable by forfeiture of office and a potential prison sentence of two to five years, such a result should not be countenanced. "It would be unthinkable to subject a person to a long term of imprisonment for an offense he might commit unknowingly." *Valley Steel*, 71 Ill. 2d at 425, 375 N.E.2d at 1305. See also *People v. Farmer*, 165 Ill. 2d 194, 650 N.E.2d 1006 (1995) (finding that offense of possessing contraband in a penal institution required implied mental state of knowledge).

I would also emphasize that defendants' arguments regarding alleged improprieties by the Grundy County State's Attorney and the improper use of immunized testimony are not resolved by this decision. No evidentiary hearing was held, nor did the trial court rule on those matters. Therefore, they are, at this time, not ripe for review and may be considered by the trial court on remand.

Finally, in my opinion, the only "crime" committed in this case was the failure to ask the court to appoint Jeremy Margolis as a special State's Attorney. It is absolutely clear that the Grundy County State's Attorney could not properly defend the board members after he had sought to have them indicted. In its February 14 indemnification resolution, the county board authorized defendant Kaufmann to hire Margolis and it requested the court to appoint him as a special State's Attorney. No petition was filed with the court and, therefore, reimbursing the defendants for legal expenses was technically in excess of the board's authority. I reluctantly concur.

JUSTICE LYTTON joins in this concurrence.