2016 IL App (3d) 150398

Opinion filed June 22, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| WILLIE PEARL BURRELL TRUST, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-15-0398 |
| CITY OF KANKAKEE, an Illinois Municipal | ) | Circuit No. 13-L-115 |
| Corporation, | ) | |
| | ) | Honorable Kendall O. Wenzelman, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Wright concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, the City of Kankakee, obtained an order of demolition for a structure on the

property at issue.  Plaintiff, the Willie Pearl Burrell Trust, later obtained ownership of the

property.  Years after obtaining the demolition order, defendant demolished the structure.

Plaintiff filed suit, alleging defendant failed to notify plaintiff of the pending demolition, causing

plaintiff damages.  The parties filed cross-motions for summary judgment.  The trial court

granted defendant's motion and denied plaintiff's.  We affirm.

¶ 2                                        BACKGROUND

¶ 3	In March 2006, defendant filed a petition, pursuant to section 11-31-1(a) of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/11-31-1(a) (West 2006)), to demolish a structure located at 411 North Harrison Avenue in Kankakee. Defendant provided notice to the public and recorded a *lis pendens* notice, pursuant to section 2-1901 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1901 (West 2006)). The trial court granted defendant's petition in October 2006 by default.

¶ 4	In December 2007, plaintiff purchased the property from Kankakee County for $10. In March 2011, pursuant to the 2006 proceedings, defendant issued a permit to demolish the structure on the property. In March 2012, during preparations for demolition, plaintiff discovered defendant's plan to demolish the structure. Plaintiff informed defendant it was unaware of any demolition plans and requested that defendant postpone demolition in order to clarify the issue of notice. Defendant denied plaintiff's request and promptly demolished the building that day as previously scheduled.

¶ 5	In August 2013, plaintiff filed a suit for damages against defendant alleging, *inter alia*, defendant failed to notify plaintiff of the pending demolition. Plaintiff's complaint inaccurately asserted that defendant's demolition order was sought and obtained in 2009, after plaintiff purchased the property, and that defendant failed to notify the owner of the pending demolition. Plaintiff later conceded this was an error, but proceeded with its cause of action without amending its complaint. Both parties filed motions for summary judgment.

¶ 6	Plaintiff argued in its motion for summary judgment that defendant obtained the demolition order without providing them notice, pursuant to section 11-31-1(a) of the Municipal Code (65 ILCS 5/11-31-1(a) West 2006)). Plaintiff's argument was still erroneously based on the assertion that defendant obtained the order in 2009, not 2006. Defendant argued in its cross-

motion for summary judgment that the demolition order predated plaintiff's purchase of the property and that it had provided notice, pursuant to section 2-1901 of the Code (735 ILCS 5/2-1901 (West 2006)), to all subsequent purchasers.

¶ 7    The trial court granted defendant's motion for summary judgment and denied plaintiff's motion.  In doing so, the trial court stated that plaintiff did not have an interest in the property when notice of demolition was sent out, and defendant was not required to seek out subsequent purchasers beyond filing a *lis pendens* notice.  Plaintiff appeals the trial court's rulings.

¶ 8                                    ANALYSIS

¶ 9    On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary judgment.  Plaintiff further alleges that the trial court erred in denying its summary judgment motion.  Defendant counters, arguing that the trial court did not err in either ruling because there are no issues of material fact, and plaintiff had constructive notice of the pending demolition.  Defendant further asserts that plaintiff waived any objections to the trial court's issuance of the demolition order by failing to raise objections at the trial level in a timely manner, and that this proceeding cannot be used to collaterally attack the trial court's 2006 demolition order.

¶ 10   The trial court's ruling on a motion for summary judgment is a question of law we review *de novo*.  *Seymour v. Collins*, 2015 IL 118432, ¶ 42; *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456, 462 (2003).  A grant of summary judgment is not appropriate when: (1) material facts are disputed; (2) reasonable people could draw diverging inferences from the undisputed material facts; or (3) reasonable people could differ on the weight given to relevant factors of a legal standard at issue.  *Seymour v. Collins*, 2015 IL 118432, ¶ 42.  For the reasons that follow, we affirm the trial court's rulings.

¶ 11 In arguing that the trial court erred in granting defendant's motion for summary judgment, plaintiff argues two primary points: (1) there are issues of material fact in dispute precluding a summary judgment finding for defendant; and (2) defendant failed to follow the proper procedure in obtaining the 2006 demolition order from the trial court. Defendant argues the trial court's rulings on the motions for summary judgment were not erroneous as there are no issues of material fact and plaintiff was constructively notified of the 2006 demolition order.

¶ 12 Plaintiff's arguments pertaining to the sufficiency of the trial court's 2006 demolition order do not address the issue before this court. In 2006, the trial court found that the structure at issue was a nuisance, which needed to be abated. No parties involved appealed the trial court's ruling. Parties cannot argue on appeal from one issue before the trial court that the trial court's ruling in a separate matter—no matter how relevant and interconnected—was erroneous. See *Malone v. Cosentino*, 99 Ill. 2d 29, 32-33 (1983). As such, we need not address plaintiff's arguments on this point.

¶ 13 In arguing that there are issues of material fact in dispute, plaintiff emphasizes the fact that defendant knew plaintiff was the owner of the property and that defendant waited 5½ years to demolish the structure after obtaining the demolition order. These facts are clear from the record before this court. They are undisputed by the defendant. More importantly, they are not dispositive to the legal issues before this court or the trial court.

¶ 14 Plaintiff argues the extensive delay in demolition is a violation of an uncited "Municipal Code" (presumably 65 ILCS 5/11-31-1 (West 2006)), contrary to the First District case law from the 1960s it cites as interpreting it. Plaintiff cites no authority mandating that demolition orders be carried out in a specific timeframe after being granted. The purpose of the Municipal Code (65 ILCS 5/11-31-1 (West 2006)), allowing municipalities to obtain orders to demolish

dangerous and unsafe buildings, is to abate a public nuisance. *McIlvaine v. City of St. Charles*, 2015 IL App (2d) 141183, ¶ 15 (citing *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 125 (2004)). The delay in the demolition of the structure at issue does not automatically render defendant's actions counter to the purpose of the Municipal Code (65 ILCS 5/11-31-1 (West 2006)).

¶ 15       Plaintiff admits the issuance of the demolition order and recording of the *lis pendens* notice in 2006. Plaintiff further admits that these actions predate its purchase of the property at issue. As a matter of law, the plaintiff had notice of the demolition order by way of defendant's *lis pendens* notice. *Security Savings & Loan Ass'n v. Hofmann*, 181 Ill. App. 3d 419, 422 (1989). Further, nothing in the language of section 11-31-1(a) of the Municipal Code (65 ILCS 5/11-31-1(a) (West 2006)) requires a municipality to notify subsequent purchasers of prior property actions or complete the actions within a specific timeframe.

¶ 16       Plaintiff also asserts that because the defendant knew plaintiff owned the property at issue, defendant's constructive notice argument is irrelevant. This argument is unsupported by citation to authority and is, therefore, waived. See Ill. S. Ct. R. 341 (eff. Feb. 6, 2013) (requiring appellants to cite authority in support of their arguments); *People v. Clinton*, 397 Ill. App. 3d 215, 223-24 (2009). Contrary to plaintiff's assertion, *lis pendens* is the means by which those that acquire a subsequent interest in property subject to litigation are bound by the results of that litigation as if they had been a party from the outset. 735 ILCS 5/2-1901 (West 2012); see also *JP Morgan Chase Bank, N.A. v. Bank of America*, 2015 IL App (1st) 140428, ¶ 44.

¶ 17       We affirm both the trial court's grant of summary judgment to defendant and its denial of plaintiff's motion for summary judgment.

¶ 18                                          CONCLUSION

5

¶ 19     For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 20     Affirmed.